**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO
OCT 23 2025
JEFFREY P. COLWELL
CLERK

Civil Action No. _____
(To be supplied by the court)

__PHILIP E. STETZEL_____, Plaintiff

v.

__MOSES STANCIL, Exec. Dir., CDOC_____,

__SIOBHAN BURTLOW, Warden, F.C.F._____,

__JORDAN HARTLEY, SOTMP Therapist, F.C.C.___,

__AMANDA RETTING, SOTMP Administrator_____, Defendant(s).

**Jury Trial requested:**
(please check one)
____ Yes __x__ No

(*List each named defendant on a separate line. If you cannot fit the names of all defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Section B. Do not include addresses here.*)

---

**PRISONER COMPLAINT**

---

| NOTICE |
|---|
| Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. **Plaintiff need not send exhibits, affidavits, grievances, witness statements, or any other materials to the Clerk's Office with this complaint.** |

**A.   PLAINTIFF INFORMATION**

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address. Failure to keep a current address on file with the*

Original form provided free of Charge by CO DOC Legal Services to
Offender __Stetzel_____ DOC# __92684__
Date __OCT 17 2025__

*court may result in dismissal of your case.*

<u>Philip E. Stetzel – 92684,   A.V.C.F.,  12750 Hwy 96 at Lane 13,  Ordway, CO  81034</u>
(Name, prisoner identification number, and complete mailing address)

_____
(Other names by which you have been known)

*Indicate whether you are a prisoner or other confined person as follows: (check one)*

| | |
|---|---|
| ____ | Pretrial detainee |
| ____ | Civilly committed detainee |
| ____ | Immigration detainee |
| _x_ | Convicted and sentenced state prisoner |
| ____ | Convicted and sentenced federal prisoner |
| ____ | Other: (*Please explain*) _____ |

**B.   DEFENDANT(S) INFORMATION**

*Please list the following information for each defendant listed in the caption of the complaint. If more space is needed, use extra paper to provide the information requested. The additional pages regarding defendants should be labeled "B. DEFENDANT(S) INFORMATION."*

Defendant 1: <u>Moses "Andre" Stancil, Exec. Dir. CDOC;  Colorado Dept. of Corrections,</u>

<u>1250 Academy Park Loop, Colorado Springs, CO  80910</u>

(Name, job title, and complete mailing address)

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  _x_ Yes ___ No (*check one*). Briefly explain:

<u>As executive director of CDOC, Mr. Stancil is a state employee who, as such, is obligated to</u>

<u>follow state law, DOC Administrative Regulations (ARs), and abide by both state and federal</u>

<u>constitutions. Mr. Stancil is tasked with the creation and implementation of ARs, CDOC</u>

<u>operational procedures and policies. Stancil is to maintain general oversight and, when necessary,</u>

<u>administer the correction of all CDOC-related issues.</u>

Original form provided free of Charge by CO DOC Legal Services to
Offender _Stetzel_ DOC# _92684_
Date __OCT 17 2025__

Defendant 1 is being sued in his/her ___ individual and/or _x_ official capacity.

Defendant 2:   SIOBHAN BURTLOW, Warden;  Fremont Correctional Facility,  P.O. Box 999, Canon City, CO  81215

(Name, job title, and complete mailing address)

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  _x_ Yes ___ No (*check one*).  Briefly explain:

As warden of Fremont Correctional Facility (FCF) and an employee of CDOC, Ms. Burtlow is obligated to follow both state law and CDOC administrative regulations. She is also tasked with ensuring that all applicable ARs are properly implemented and adhered to by her subordinates at FCF. Burtlow is also responsible for the implementation of the facility's operational procedures and policies along with ensuring that internal problems are appropriately addressed.

Defendant 2 is being sued in his/her ___ individual and/or _x_ official capacity.

Defendant 3:    JORDAN HARTLEY, FCF Sex Offender Treatment & Monitoring Program (SOTMP) Therapist/Clinician;  Fremont Corr. Facility,  PO Box 999, Canon City, CO  81215

(Name, job title, and complete mailing address)

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  _x_ Yes ___ No (*check one*).  Briefly explain:

3  Original form provided free of Charge by CO DOC Legal Services to Offender Staton  DOC# 92684
Date OCT 17 2025

<u>At the time that the events and issues involved in this Complaint arose, Ms. Hartley was a CDOC - contracted state licensed therapist who was engaged as the Plaintiff's primary SOTMP therapist. As such she is deemed to be a state employee who is obligated to abide by state law, CDOC administrative regulations, as well as regulations and guidelines appropriated by the Colorado Dept. of Regulatory Agency (DORA).</u>

Defendant 3 is being sued in his/her __x__ individual and/or __x__ official capacity.

Defendant 4: <u>AMANDA RETTING, CDOC Sex Offender Treatment & Monitoring Program Administrator;  CDOC 1250 Academy Park Loop, Colorado Springs, CO  80910</u>
(Name, job title, and complete mailing address)

At the time that the claim(s) of this complaint arose, was the defendant acting under the color of state or federal law?  __x__ Yes ____ No (*check one*)  Briefly explain:

<u>As CDOC's SOTMP Administrator, Ms. Retting is in charge of the management and operations of this "*sex offense-specific*" treatment program. As such, she is believed to be a be a CDOC contract employee, DORA-licensed therapist, and Sex Offense Management Board (SOMB) member. As such, she is obligated to abide by state law; CDOC Administrative Regulations, policy and procedures; as well as DORA regulations and guidelines.</u>

Defendant 4 is being sued in her official capacity.

Original form provided free of Charge by CO DOC Legal Services to Offender Stetzel  DOC# 92684  Date OCT 17 2025

B.  JURISDICTION

*Indicate the federal legal basis for your claim(s): (check all that apply)*

__X__   State/Local Official (42 U.S.C. § 1983)

____    Federal Official
        As to the federal official, are you seeking:
        ___ Money damages pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971)
        _X_ Declaratory/Injunctive relief pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1361, or 28 U.S.C. § 2201

____    Other: (*please identify*) _____

D.  STATEMENT OF CLAIM(S)

*State clearly and concisely every claim that you are asserting in this action. For each claim, specify the right that allegedly has been violated and state all facts that support your claim, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim. You do not need to cite specific legal cases to support your claim(s). If additional space is needed to describe any claim or to assert additional claims, use extra paper to continue that claim or to assert the additional claim(s). Please indicate that additional paper is attached and label the additional pages regarding the statement of claims as "D. STATEMENT OF CLAIMS."*

CLAIM ONE:  __8th Amendment – U.S. Constitution: (a) Liberty Interest; (b) Equal Protection;__
__(c) Cruel & Unusual Punishment__

Claim One is asserted against these Defendant(s): All four named Defendants.

Supporting facts:

**a. Liberty Interest**

[1] As a convicted sex offender I am serving an indeterminate sentence of 12 years-to life per Colorado's Sex Offender Lifetime Supervision Act (SOLSA) of 1998. As such, I, and all similarly sentenced sex offenders, are statutorily mandated to participate in CDOC's Sex Offender Treatment & Monitoring Program (SOTMP) and demonstrate "progress" or, preferably, completion of this mandated program in order to become *viably* eligible for parole. Without such preconditions being

5

Original form provided free of Charge by CO DOC Legal Services to Offender __Stetzel__ DOC# __92684__ Date __OCT 17 2025__

met, I (and others) stand no chance of being released from prison.

[2] I was enrolled in the SOTMP and presumably progressing when, during our Group session on June 21, 2023, I freely confessed to having a physical altercation on June 19th (two days prior) with my then-cellmate, Tom Mavus #110520 (who was also enrolled in the SOTMP), in response to his perceived physical threats towards me despite my warning him not to do so. I admitted to this incident believing that my open confession would demonstrate my integrity as well as mitigate any possible consequences. Instead, my confession quickly escalated into my prompt arrest and placement in Restrictive Housing until I was subsequently charged and convicted of "Assault on Inmate," a Class I Code of Penal Discipline (COPD) violation, for which I served 14 days in Punitive Segregation.

[3] On July 7, 2023, I was taken from Punitive Segregation at F.C.F. and transferred to Buena Vista Correctional Facility (BVCF) despite technically still being enrolled in the SOTMP, the statutorily-mandated and CDOC "recommended" treatment program. As such, this effectuated the start of sub-section (c) of this Claim One: Cruel & Unusual Punishment. Such an action as this falls under the purview of Defendant BURTLOW, who must be held answerable for my unnecessary and unwarranted transfer – while *still* technically enrolled in this precedent-taking program.

[4] It was not until July 18th, 2023, that my primary SOTMP therapist, Defendant HARTLEY, generated the formal action leading to my termination from this mandated treatment program. Upon formal receipt of the "Notice of Suspension and Right to SOTMP Termination Review" document at the BVCF (via teleconference), I requested SOTMP therapists, Pamela Richardson and Bonnie Cantu, as witnesses. At the scheduled 7/29/23 hearing (via teleconference), neither Richardson nor Cantu were present, and no viable reason was provided for their absence, thereby seriously jeopardizing my defense. Further, when I attempted to question HARTLEY in regards to her previously-unknown (to me) allegations of treatment "shortcomings," I was promptly shut down by Hearings chairman, Justin Einsinger, stating that it was essentially not the time or place for such challenges. If not then, why? And when and where? Should they have been allowed as part of the formal charges made against me for termination, for *support* of the apparent goal of termination? Defendant HARLEY must be held answerable for these asserted false and/or exaggerated

6

Original form provided free of Charge by CO DOC Legal Services to Offender Stotzel   DOC# 92684   Date OCT 17 2025

allegations made against me that, ultimately, led to my termination (when suspension or probation were/are available options, as opposed to the extreme option of termination). These allegations, as they stand, remain as unfounded blemishes that wrongly reflect upon my character and my compliance/progress in this mandated treatment program and will continue to haunt me when I resume the requisite on-going *sex offense-specific* therapy. I was therefore terminated.

[5] AR700-32 proscribes *all* forms of appeal(s) to such SOTMP hearings, thereby insulating those conducting such hearings from challenges to their procedures, evidence, testimony, etc. I assert that this proscription creates both a safe, **biased** environment for those entrusted with conducting these hearings and a due process violation – both procedural and substantive, and that Defendants STANCIL and RETTING must be held answerable for the implementation of such a proscription. Hence, I (and others) have been compelled to seek the courts' intervention in this matter.[1]

[6] Since my 7/29/23 termination from the SOTMP I have unwillingly remained stagnant in terms of my obligation to "actively participate" and "progress" in the SOTMP, despite my numerous efforts to do otherwise, i.e., be re-admitted to this program. I have met with the Parole Board in both April 2024 and April 2025. Both times I've been "deferred" for yet another year based solely upon my standing with the SOTMP. As of today's date I am now at the end of my **26th** year of continuous incarceration due, in large part, to the excessive, unbridled "authorities" of the SOTMP, thereby effectuating this state-created Liberty Interest claim. All named Defendants are to be held answerable for their excessive actions in this matter when less-stringent alternatives were/are available. It has now been two full years since this matter began.

[7] It must be noted that on 2/8/24 the COPD conviction, the catalyst and basis of my termination from the SOTMP, was <u>expunged</u>. When such an expungement occurs the accused is to be restored to his/her former status and all records of the incident erased. Yet I continue to suffer the sanction of termination from the SOTMP. Why is this?

I have attempted to address this matter through personal letters to Defendant RETTING (8/29/23, 10/3/23, 1/26/24, 3/9/24), but she refuses to respond. Case Management, as well as Mental Health, have also advocated on my behalf to RETTING, only to also receive no response. I currently

---

[1] See related case(s) by Plaintiff: *Stetzel v. Williams*, 20-cv-01579-PAB-STV (US Dist. Court-Colo.), and No.22-1140, US CoA-Colorado (still active).

Original form provided free of Charge by CO DOC Legal Services to Offender Stetzel   DOC# 92684   Date OCT 17 2025

7

seek redress through "available administrative remedies,' i.e., CDOC's grievance procedure in Grievance numbers: C-BV23/24-00238069; C-BV23/24-00236308; R-BV23/24-00236580; C-BV23/24-00242947; and still-active R-SF24/25-00262710. Past experience with CDOC's grievance system leaves me to <u>expect</u> this last grievance to fail to gain proper, or favorable, treatment as well. As such, this leads into subsections (b) and (c) of this Claim One. Defendants RETTING and STANCIL must be held answerable for my continued termination from the SOTMP since the 2/8/24 expungement of the COPD conviction.

### b. Equal Protection

[8] This part of Claim One is the primary focus, or basis, of this Prisoner Complaint. My aim is to call into question the apparent **discrepancy** and **disparity**, i.e., equity, between those *same-classed* and similarly-situated CDOC "inmate" sex offenders are treated when it comes to those accused of technical violations such as, in this case, the Code of Penal Discipline (COPD) – which parolees are still subject to as they are still deemed to be under CDOC's authority and as the courts have previously determined. As such, this determination places incarcerated felony sex offenders and those who have been placed on parole as "same class" subset of felony offenders.

In this subsection of Claim One I intend to show that the Defendants have collectively caused me to suffer excessively and unnecessarily in comparison to *us* same-classed offenders, albeit those on parole. As such, this significant variation of treatment merits this Equal Protection challenge.

[9] As stated above, I intend to show that the Defendants, HARTLEY, BURTLOW (or her "*designees*"), and RETTING (or her "*designees*"), have acted excessively in their treatment of the named violation involved in this matter and failed to consider available, less-severe alternatives, especially when I had already been duly subjected to the sanctions imposed by CDOC's Code of Penal Discipline. I assert that this is both an abuse of discretion as well as a form of double jeopardy in which I will seek the Court's adjudication. I further assert that these Defendants have exhibited deliberate indifference by neglecting to respond to my repeated attempts to address this matter.

These specific issues merit further attention to the fact that, unlike the quasi-judicial COPD action, the SOTMP Termination procedures, which are also deemed quasi-judicial, proscribes all form of appeal by stating: "The decision of the SOTMP Termination Review Panel is final. The offender may not appeal nor is the decision grieveable." (See pg.4, AR700-32(IV)(D)(3) ). This, I

8

Original form provided free of Charge by CO DOC Legal Services to Offender Stetzel DOC# 92684 Date OCT 17 2025

assert, create a question of equity and due process violation as CDOC's AR150-01 (COPD) provides for an appeal process. As such, this particular issue now brings the essence of this Equal Protection challenge as stated below.

[10]  For those of us *similarly-situated same-class* sex offenders who have been released on parole and have committed a technical (non-criminal) violation, such as a COPD in my case, there are CDOC administrative regulations that regulate the use of alternative, less-severe sanctions (sometimes repeatedly) before applying the most-severe sanction of revocation of parole, i.e., return to prison.[2] Wherein lies the discrepancy and disparity, or Equal Protection issues, between us same-classed offenders. As example, AR250-46 *mandates* the implementation of alternative sanctions in dealing with technical violations (e.g., COPD), and in some cases *multiple* times, before seeking regression or revocation of parole.

This type of treatment is in extreme contrast to that which I (and others) have been subjected to, as I have asserted in this Complaint. My termination from the SOTMP – *on top of the COPD sanctions*! – has effectively translated into years of extended, unwarranted incarceration because of the undefined, indefinite/open-endedness of this termination.[3] Even those parolees who incur parole revocation (for technical violations) often only return to prison for a definitive period of time (of a pre-established 180 days) and then are, usually, released to parole. As for the instant action pertaining to my recent (second) termination from the SOTMP, I have been continuously suffering the imposed sanctions for over two years thus far – with still no end in sight.

[11]  I now refer to the authority provided by *Turner v. Safely*, 482 U.S.78, 107 S. Ct. 2254, 96 L. Ed. 2d 64 (1987) in regards to the sanctions imposed upon me – for which I continue to suffer – in relationship to my equals who are on parole. I intend to hold all the Defendants answerable in justifying these sanctions as to their rational relationship to a legitimate penological interest as well as the other enumerated elements in *Turner*.[4]

---

[2] See AR250-09 Arrest of Parolee; AR250-37 Parole Directives & Modification of parole Conditions; AR250-41 Responding to Parole Violations; AR250-46 Adult Parole Sanctions in Lieu of Revocation/Regression; AR250-48 Supervision of Sex Offenders; AR250-54 COPD Process & Offender Regression From ISP; and C.R.S §17-2-103.

[3] See *Stetzel v. Williams* [see FN 1] *with* US Ct. of App.No.22-1140, (still active) (in which Plaintiff's/my wrongful termination from the SOTMP lasted **3 years and 1 month**.

[4] *Turner*: (1) Whether there exists a valid, rational connection between the prison policy and legitimate penological interest identified by the government; (2) Whether there are alternative means of exercising the rights that remain

Original form provided free of Charge by CO DOC Legal Services to Offender Stetzel DOC# 92604 Date OCT 17 2025

I maintain that the excessive and <u>now-expunged</u> COPD conviction of Assault on Inmate, my act of self-defense, has/had absolutely **no** relevance in regards to any "risk to sexually reoffend," for which this is the pertinent factor in SOTMP's objective goal of providing "specialized *sex offense-specific* treatment." (Emphasis added.) Additionally, it is relevant for the Court to consider the fact that the CDOC has long considered the sanctions applicable to its Code of Penal Discipline sufficient in addressing/correcting violations of prison rules, otherwise they would have amended them accordingly. So, again, the SOTMP must be held answerable for their *additional and excessive* punishment in this matter, per the provisions of *Turner v. Safely*.

The named Defendants have abused their authority and discretion in this matter by first imposing the most severe and excessive sanctions upon me, without consideration of the available and less severe options, and then totally ignoring my repeated efforts for redress in this matter.

### c. Cruel & Unusual Punishment

[12] This subsection of Claim One incorporates all of the aforementioned assertions in subsections (a) and (b) as if fully set forth herein.

[13] The 8th Amendment prohibits punishment that involves *unnecessary* and *wanton infliction of pain* – whether it be physical or mental, are grossly disproportionate to the severity of the crime for which the prisoner was imprisoned, or are *without penological justification.*[5] (Emphasis added.) By incorporation of the actions – as well as *inactions,* and the events stated both above and below, I hereby rely on another provision of the 8th Amendment allowing for a use of the "*totality* of conditions" in support of this section of this Claim One which I have suffered *both* physical and, especially, mental pain. My mental suffering began with my excessive, unnecessary and indefinite/continued, termination from the SOTMP. As a result of this termination I was unnecessarily transferred to S.C.F. where, on Nov. 24, 2025, I suffered a severe beating and robbery due solely to my status as a sex offender. This, naturally, significantly increased my continued mental suffering for which I have been compelled to seek continued mental health counseling and

---

open to prison inmates; (3) What effect an accommodation of the asserted constitutional right would have on guards, other inmates, and prison resources; and (4) Whether an alternative is available which would accommodate the prisoner's rights at a *de minimis* cost to penological interests.

[5] *Caldwell v. Miller,* 790 F.2d 589. Also see *Ramos v. Lamm,* 639 F.2d 559 [HN8]. (..."[H]e is <u>entitled</u> to be in an environment which does not result in degeneration or which threatens physical *and mental* well-being." Etc.) (Emphasis added)

10 Original form provided free of Charge by CO DOC Legal Services to Offender Stotzel    DOC# 92684
Date  OCT 17 2025

psychotropic medication.

When this case reaches the Discovery phase the records will more than sufficiently show the degree and duration to which this matter has affected me both mentally and physically. The record will also show how the Defendants have exhibited an apparent deliberate indifference and neglect towards my repeated pleas for help in both understanding and correcting these matters. This matter has created a great sense of despair and hopelessness, wondering if I am perhaps more messed up and in need of help than what I or the therapists have discovered. What I *do* know for sure is that <u>all</u> of the combined issues of this complaint amounts to punishment that is excessive and disproportionate to both the offense of my termination from the SOTMP as well as that of my criminal conviction and sentence.

[14] As stated in the first part of section (b) of this Claim One, I am calling into question the apparent discrepancies and disparities involved in the treatment of us same-classed sex offenders who are incarcerated and those who have been released and are on parole.

Due to the perceived complexity of presenting and arguing of the numerous governing Administrative Regulations involved in this matter, I find it difficult, or impossible, to formulate a "clear and concise" statement here that satisfies §1983 directives and yet allows for my "disparity and discrepancy" challenges to avoid a magistrate's initial disparaging remarks such as "unfounded," "baseless," "conclusory," etc., and thereby recommending amendment(s) or dismissal. This Complaint will require at least an opening brief for which to adequately present the claims herein, particularly that pertaining to the mental suffering aspect and to survive such disparaging remarks that a Magistrate may state in his/her review and recommendations.

In my opening brief I intend to present valid argument which demonstrates how differently incarcerated sex offenders are treated when it comes to technical violations as opposed to same-classed sex offenders who are on parole; how their Community Support Team (CST): e.g., Parole Officer; therapeutic treatment providers (for mandatory continued sex offender therapy); etc., are **mandated** to first seek alternatives to revocation of parole and return to prison for technical violations, when termination from DOC's mandated SOTMP is essentially the equivalent to "parole revocation."

I have been "parole-eligible," per se, since Jan. 2011. But due to the SOTMP's arbitrary and captious actions in this matter (and previous similar matters, e.g. see FN 1), I continue to remain, indefinitely, incarcerated while I await, indefinitely, to be readmitted into this mandated SOTMP.

11

Original form provided free of Charge by CO DOC Legal Services to
Offender Stetzel   DOC# 92684
Date OCT 17 2025

As such, I have recently began my 26th year of continuous incarceration on my 12 year sentence! "Imprisonment beyond one's term can constitute cruel & unusual punishment." (*Allen v. Clements*, 930 F. Supp. 2d 1252 (citing *Mitchell v. N.M. DOC*, 1993 U.S. App. (10th Cir. 6/1/93).)

Additionally:

> "Under Colorado's statutory scheme, *confinement and treatment are inextricably linked*. Neither good behavior, parole policies, or other credits can affect the term of his sentence. Only successful therapy can shorten a prisoner's incarceration. Therapy is thus an inherent and integral element of the scheme, and its deprivation is clearly a grievous loss not emanating from the sentence." (*Beebe v. Heil,* 333 F. Supp. 2d 1011 (D. Colo. 2004))

Again, the Defendants must be held answerable in showing a rational relationship to penological purpose for their implementation of such excessive sanctions upon me (and others) – with indefinite duration – without consideration of less-severe sanctions were available. Further, they must justify their deliberate indifference for ignoring my attempts for redress in this matter when the basis of my termination, the 6/27/23 COPD conviction, had been **expunged**.

**CLAIM TWO:** 14th Amendment – U.S. Constitution: (a) Substantive Due Process; (b) Procedural Due Process

Claim Two is asserted against these Defendant(s): STANCIL, RETTING and HARTLEY.

Supporting facts:

**a. Substantive Due Process**

[15]   Substantive due process provides protection against arbitrary governmental actions that are contrary to the concept of individual autonomy. As such, I am calling into question my termination from CDOC's statutorily mandated Sex Offender Treatment & Monitoring Program (SOTMP), thus invoking my Liberty Interest claim above in Claim One in conjunction with the convoluted and complex discrepancies and disparities involved with the apparent inequity of treatment between the stated same-classed offenders who commit a similar non-criminal/technical offense, such as that of this case.

As stated in subsection [14] above, I am finding it difficult to "clearly & concisely" present my claim(s) here without incurring future arguments involving the reviewing Magistrate's "recommendations." For a bit of clarity, though, the Defendants STANCIL, RETTING and

12

Original form provided free of Charge by CO DOC Legal Services to Offender Stetzel DOC# 92684 Date OCT 17 2025

HARTLEY should only stand answerable for their roles involving my termination (and its continued duration) from the SOTMP, although their involvement may transition into the related area of presenting argument regarding the inequity issues of this claim.

In support of the disparity and discrepancy assertions called into question, I intend to present various court decisions pertaining to substantive due process. Although some of these decisions[6] pertain to criminal cases, I maintain that they are applicable in civil cases as well – such as this case. As previously stated, I maintain that CDOC SOTMP's termination, and its indefinite duration, is both excessively severe and effectively translates into an illegal, non-judicial "sentence" amounting to **years** of extended, unwarranted incarceration. Certainly this MUST qualify as something to "shock the conscious" of the Court(s) and merit the sought redress in this action. This is not an isolated incident either and stands repetition if not adequately addressed and corrected. This qualifies as a "significant and atypical hardship" above and beyond what the sentencing court – and legislators – intended through the imposition of SOLSA.

Through this section of Claim Two I intend to first have the Defendants present any "rational relationship to penological purpose" justifying my termination, of indefinite duration, from the SOTMP. With this I also seek an adequate explanation for their total neglect of my repeated efforts to seek understanding and redress of these matters. As of this date the Defendants have not put forth *any* explanation, rational or otherwise, justifying these alleged excessive sanctions that continue to create undo suffering for which I am entitled to relief, especially since the catalyst of these issues: my COPD conviction, has been expunged for seven months now.

### b. Procedural Due Process

[16] In regards to my termination from the SOTMP, I have been afforded two formal quasi-judicial hearings, one on 7/29/23 and the other occurring on 1/9/24. It must be noted that the Defendants, through their legal representatives, *offered* this second hearing and that this was not something I sought or requested. But I was led to believe that the second hearing would result in a different outcome (other than termination) and was merely the Defendants' way of correcting their excessive actions while saving face. Nevertheless, and for unknown reason, the outcome remained the same as in the first hearing.

---

[6] E.g., *Millard v. Rankin*, U.S. Dist. Ct. of Colo. No. 13-cv-02406-RPM; *BMW of N. Amer., Inc., v. Gore*, 517 U.S. 559, 116 S. Ct. 1589, 134 L. Ed. 2d 809 (1996) at 568.

13

Original form provided free of Charge by CO DOC Legal Services to Offender Stetzel DOC# 92684 Date OCT 17 2025

Upon receipt of the requisite Notice of Termination Review document, I requested – both in writing and orally – that two named witnesses appear at the hearing. Both are (or were) SOTMP therapists who were directly involved with me/my treatment and other related issues. For unexplained reason <u>neither of these to-be witnesses were present at either of the hearings,</u> thereby effectuating one of the alleged due process violations.

Secondly, when I attempted to question Defendant HARTLEY regarding written allegations she put forth in the charging document, I was promptly shut down by the hearings chairman(s). This fact, I assert, also violates due process by denying me the right to confront and question my accuser in regards to the allegations s/he has made against me. These facts will also be verified in audio recordings of the hearings, with Discovery. As I stated previously, AR 700-32, the governing regulation, proscribes *all* form of appeal to such hearings and their decisions.

Hence the need for the Court's involvement in this matter, along with the adjudication of the related issues of this Complaint. I am entitled to relief of violation of due process.

### E.   PREVIOUS LAWSUITS

Have you ever filed a lawsuit, other than this lawsuit, in any federal or state court while you were incarcerated?  __X__ Yes ___ No (*check one*).

*If your answer is "Yes," complete this section of the form. If you have filed more than one previous lawsuit, use additional paper to provide the requested information for each previous lawsuit. Please indicate that additional paper is attached and label the additional pages regarding previous lawsuits as "E. PREVIOUS LAWSUITS."*

[1] Name(s) of defendant(s):         Dean Williams, Exec. Dir. CDOC; et al.

Docket number and court:         1:20-cv-01579-PAB-STV    U.S. Dist. Court of Colorado

Claims raised:         U.S. Constitution 8th Amendment: Liberty Interest; and 14th Amendment: Procedural Due Process

Original form provided free of Charge by CO DOC Legal Services to Offender Stetzel           DOC# 92684
Date  OCT 17 2025

Disposition: (Is the case still pending?
Has it been dismissed? Was relief granted?)   Pending (U.S. Court of Appeals, No. 22-1140)

Reasons for dismissal, if dismissed:   Dismissed in district court per FRCP Rule 12(b)(6), Failure to state a claim upon which relief can be granted.

Result on appeal, if appealed:   Still Pending

[2] Name(s) of defendant(s):   Moses 'Andre' Stancil, Exec. Dir. CDOC; et al.

Docket number and court:   1:23-cv-03432-LTB-SBP, U.S. Dist. Court – Colo.

Claims raised:   8th Amend.: Equal Protection, Liberty Interest, Abuse of Discretion, Deliberate Indifference; and 14th Amend.: Substantive Due Process

Disposition:   Dismissed, without prejudice

Reason for dismissal:   FRCP Rule 8, Pleadings not well pled.

Result of appeal:   Appeal pre-emptively denied (deemed to be futile)

[3] Name(s) of defendant(s):   Tiffany Holubek, CDOC Legal Services Assistant

Docket number and court:   14-cv-01875-MEH, U.S. Dist. Court – Colo.

Claims raised:   Retaliation; Abuse of discretion; Deliberate indifference; 14th Amend.

Disposition:   Trial, Judgment for defendant

Result of appeal:   N/A

F.   ADMINISTRATIVE REMEDIES

*WARNING: Prisoners must exhaust administrative remedies before filing an action in federal court regarding prison conditions. See 42 U.S.C. § 1997e(a). Your case may be dismissed or judgment entered against you if you have not exhausted administrative remedies.*

15
Original form provided free of Charge by CO DOC Legal Services to
Offender Slet 3e1                DOC# 92684
Date OCT 17 2025

Is there a formal grievance procedure at the institution in which you are confined?

      __X__ Yes ___ No (*check one*)

Did you exhaust administrative remedies?

      __X__ Yes[7] ___ No (*check one*)

## G.    REQUEST FOR RELIEF

*State the relief you are requesting or what you want the court to do. If additional space is needed to identify the relief you are requesting, use extra paper to request relief. Please indicate that additional paper is attached and label the additional pages regarding relief as "G. REQUEST FOR RELIEF."*

**Declaratory:** I seek declaratory judgments in that:
   (a) A state-created liberty interest has in fact been effectuated by the Plaintiff's termination from CDOC's Sex Offender Treatment & Monitoring Program, by the indefinite withholding of this statutorily-mandated *offense-specific* treatment program;

   (b) That for all intended purposes of this Complaint, as well as others, *all* convicted felony sex offenders who are sentenced to the "custody" of the CDOC, whether incarcerated or released on parole, are deemed to be a *same class* and/or *similarly situated* group/class of people; and as such:

   (c) That apparent inequities *do* exist between the ways that these indistinct groups of people are treated for similar, "technical" violations -- such as COPD rules, as in this case, and that these inequities do violate 8th Amendment protections and require redress;

   (d) That such open-ended (i.e., indefinite) termination from the SOTMP and amounting to <u>years</u> of additional and unwarranted incarceration, is a form of cruel and unusual punishment that is also in violation of the 8th Amendment – as well as substantive due process of the 14th Amendment.

**Injunctive:** 1. That the Defendants shall:
   (a) Provide a dispositive connection to the specific offense for which the Plaintiff was terminated from the SOTMP and its *rational relationship to the furtherance of penolgical*

---

[7] In regards to the termination from the SOTMP, AR700-32 proscribes any/all form of appeal in these hearings [deemed to be quasi-judicial]. Nevertheless, I did utilize CDOC's grievance process in this matter. As for the other claims involved in this matter, this case's main purpose (i.e., class/similarly situated, disparity, discrepancy, etc.), these require the court's authority and adjudication as there is no administrative remedy available, for this requires declaratory and injunctive relief.

16

Original form provided free of Charge by CO DOC Legal Services to
Offender Sixto1  DOC# 92684
Date OCT 17 2025

*purpose* as well as the ultimate SOTMP goal: treatment of his (and others) "*risk to sexually reoffend.*" Absent such valid reasoning:

(b) The Defendants shall abrogate the Plaintiff's termination and *immediately* restore him to his former position within the SOTMP;

(c) The Defendants shall conduct a timely review of all applicable state statutes, administrative regulations, policies and procedures governing terminations from the SOTMP, as well as the related consequences, and make the necessary changes so as to create harmonization between the way that COPD rules and/or "technical" violations are dealt with between incarcerated sex offenders and their paroled counterparts.

**Damages:**
**Compensatory.** The Defendants shall reimburse the Plaintiff for all expenses incurred as a result of the unnecessary and excessive consequences involved with his termination from the SOTMP and the ensuing litigation. Reimbursement will include the costs of, or replacement of, personal property that he lost due to the unnecessary transfers and their related issues. Itemized lists and supportive documentation will be provided for this specific issue.

### H.  PLAINTIFF'S SIGNATURE

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

*Philip E. Stifel*
(Plaintiff's Signature)

October 17, 2025
(Date)

(Revised November 2022)

Original form provided free of Charge by CO DOC Legal Services to defender ___Stifel___ DOC# 92684
Date OCT 17 2025



Colorado Department of Corrections
Name Philip Stetzel
Register # 192684
Unit A.V.C.F.
Address 12750 Hwy 96
City/State/Zip Ordway, CO 81034

Denver, CO P&DC 802 ZIP
TUE 21 OCT 2025 PM

U.S. District Court
- Alfred A. Arraj Courthouse
901 19th St.
Denver, CO 80294-3589

AVCF 10.17.25

| FACILITY | DATE ROUTED | |
|---|---|---|
| Stefancino | 33941 | AE |
| STAFF LAST NAME | ID# | INT |
| 92684 | Stetzel | P |
| DOC# | OFFENDER NAME | INT |

