IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-03349-CNS-SBP

PHILIP E. STETZEL,

    Plaintiff,

v.

MOSES STANCIL, Exec. Dir. CDOC,
SIOBHAN BURTLOW, Warden F.C.F.,
JORDAN HARTLEY, SOTMP Therapist F.C.C., and
AMANDA RETTING, SOTMP Administrator,

    Defendants.

## THE CDOC OFFICIALS' REPLY IN SUPPORT OF THEIR RULE 12(B)(1) AND 12(B)(6) MOTION TO DISMISS

The CDOC Officials,[1] through the Colorado Attorney General, submit their Reply in support of their Rule 12(b)(1) and 12(b)(6) Motion to Dismiss the Prisoner Complaint (ECF No. 1), and state as follows:

### INTRODUCTION

The CDOC Officials move to dismiss the Complaint under Rules 12(b)(1) and 12(b)(6). *ECF No. 16.* The Motion argues (i) that Plaintiff's request for prospective relief is moot following his reinstatement to the SOTMP, (ii) that his claims constitutional challenges to SOTMP termination procedures and asserted liberty interests are barred by claim and issue preclusion, (iii) that the Complaint fails to state a plausible violation

---

[1] All defined terms from the Motion to Dismiss are incorporated herein.

of the Eighth or Fourteenth Amendments, and (iv) that the individual-capacity claims are barred by qualified immunity. *Id.* The issues presented are legal and procedural, not factual.

In response, Plaintiff reframes the case as a broader challenge to perceived disparities between incarcerated and paroled sex offenders and to the operation of Colorado's indeterminate sentencing scheme. *ECF No. 21,* pp. 1-2. The Complaint itself, however, pleads claims arising from Plaintiff's termination from SOTMP, the parole-related consequences he attributes to that termination, and the asserted unconstitutionality of AR 700-32 and the Sex Offender Lifetime Supervision Act ("SOLSA"). *ECF No. 1,* pp. 5-14. The Court's task remains limited to determining whether any live controversy exists for prospective relief, whether prior federal adjudication bars the core legal theories, and whether the Complaint plausibly alleges a constitutional violation. For the reasons explained below, the arguments raised in the Response are not sufficient to save each of Plaintiff's claims from dismissal.

## ARGUMENT

### I. Plaintiff's Claims for Prospective Injunctive Relief Are Moot and Must be Dismissed Under Rule 12(b)(1)

The Motion explained that Plaintiff's claims for prospective relief are moot because he has already been reinstated to the SOTMP following rehearing and expungement of the disciplinary conviction underlying the termination. *ECF No. 16*, pp. 5-6. The Response does not dispute that Plaintiff has been reinstated to treatment.

Instead, Plaintiff invokes the "capable of repetition yet evading review" exception and refers generally to other inmates. *ECF No. 21*, pp. 2-3.

That exception does not apply here. The exception is narrow and applies only when the challenged action is inherently too short in duration to be litigated and when there is a reasonable expectation Plaintiff will again be subject to the same action. *Ind v. Colo. Dep't of Corr.*, 801 F.3d 1209, 1215 (10th Cir. 2015); *Brown v. Buhman*, 822 F.3d 1151, 1166 (10th Cir. 2016). Plaintiff previously litigated a constitutional challenge arising from a prior SOTMP termination through full federal proceedings. *See Stetzel v. Williams*, No. 20-CV-01579-PAB-STV, 2022 WL 1177908, at *2-4 (D. Colo. Jan. 28, 2022), *report and recomm. adopted*, No. 20-CV-01579-PAB-STV, 2022 WL 897103 (D. Colo. Mar. 22, 2022); and *Stetzel v. Williams, et al.*, No. 22-1140, ECF No. 151, Exhibit B, ¶¶ 5-6 (Filed Sep. 2, 2025).

The Response does not identify where the Complaint alleges any concrete or imminent likelihood that Plaintiff will again be terminated under the same circumstances. Instead, he makes generalized references to other offenders or hypothetical future infractions. *ECF No.* 21, p. 3. Those generalized references do not establish a reasonable expectation of recurrence as to Plaintiff. *Jordan v. Sosa*, 654 F.3d 1012, 1023 (10th Cir. 2011). Past exposure to alleged unlawful conduct, without continuing adverse effects, does not establish a live controversy for injunctive relief. *Rezaq v. Nalley*, 677 F.3d 1001, 1008 (10th Cir. 2012).

## II. Plaintiff's Claims are Barred by Claim Preclusion and Issue Preclusion

The Motion explained that Plaintiff previously litigated constitutional challenges to SOTMP termination procedures and asserted liberty interests in treatment participation and parole eligibility in *Stetzel v. Williams*. *ECF No. 16,* pp. 6-10. The Response does not dispute the existence of that judgment. Instead, Plaintiff asserts that the prior case should not have preclusive effect because the district court adopted the magistrate judge's recommendation and because his appeal remains pending. *ECF No. 21*, p. 2.

Neither argument defeats preclusion. A district court's order adopting a report and recommendation and dismissing claims with prejudice constitutes a final judgment on the merits. *Wilkes v. Wyo. Dep't of Emp't*, 314 F.3d 501, 503–04 (10th Cir. 2002). A pending appeal likewise does not negate the preclusive effect of that judgment unless and until it is reversed. See *Trujillo v. Rio Arriba County*, 319 F.R.D. 571, 617–18 (D.N.M. 2016)(holding that it does not matter that a plaintiff's first appeal had not been resolved at the time he filed his second suit because under the federal law of claim and issue preclusion, the district court's order was final for these purposes).

Plaintiff's Response also confirms the transactional overlap between the two suits. Plaintiff states that he challenges "the administrative process governing SOTMP termination decisions" and the resulting parole consequences. *ECF No. 21*, pp. 2-3. Those are the same regulatory framework and asserted liberty interests litigated in the prior action. *See Pohl v. U.S. Bank,* 859 F.3d 1226, 1231 (10th Cir. 2017)(finding claim preclusion bars re-litigation of all theories arising from the same nucleus of operative

4

facts, even if restyled); *Hatch v. Boulder Town Council*, 471 F.3d 1142, 1149 (10th Cir. 2006)(same).

### III. Plaintiff's Claim 1 Fails to State an Eighth or Fourteenth Amendment Violation.

Plaintiff's first claim advances three theories: termination from SOTMP as cruel and unusual punishment, alleged disparate treatment between incarcerated offenders and parolees, and the asserted unconstitutionality of SOLSA's indeterminate sentencing structure. *ECF No. 1*, pp. 5-19. The Motion explained that each theory fails as a matter of law. *ECF No. 16*, pp. 11-16. The Response does not alter that analysis.

#### A. Termination from SOTMP is not Cruel and Unusual Punishment.

The Motion explained that termination from rehabilitative programming does not constitute cruel and unusual punishment under the Eighth Amendment. *ECF No. 16*, pp. 11-12 (citing *Hunt v. Colo. Dep't of Corr.*, 194 F. App'x 492, 495-96 (10th Cir. 2006); and *Brown v. Chandler*, 111 F. App'x 972, 976-77 (10th Cir. 2004)). The Response does not engage that authority. Instead, Plaintiff asserts that his continued incarceration is excessive because termination from SOTMP affects his parole eligibility. *ECF No. 21*, pp. 1-2. Continued confinement under SOLSA reflects the sentence imposed for the underlying offense, not a new punishment arising from treatment decisions. *Diaz v. Lampela*, 601 F. App'x 670, 674-76 (10th Cir. 2015). Claim 1(a) therefore fails as a matter of law.

### B. Plaintiff's Equal Protection Allegations Do Not State A Plausible Claim.

The Motion explained that Plaintiff's comparative-treatment theory fails because incarcerated offenders and parolees are not similarly situated and because the Complaint does not identify a valid comparator. *ECF No. 16*, pp. 13–15. In response, Plaintiff argues that incarcerated offenders and parolees should be treated as the "same class" of offenders. *ECF No. 21*, pp. 1–2. Individuals who are incarcerated and those who are on parole operate under different custodial and statutory frameworks and therefore are not similarly situated for equal protection purposes. *See* § 18-1.3-1005(2), C.R. (describing the intensive supervision parole program for sex offenders, which differs from full-time incarceration in a CDOC facility). Claim 1(b) therefore fails to state a plausible equal protection violation.

### C. SOLSA Indeterminate Sentences Are Constitutional.

The Motion explained that challenges to SOLSA's indeterminate sentencing structure fail as a matter of law because continued confinement reflects the punishment imposed for the underlying offense and the legislature's decision to link release to treatment progress and risk reduction. *ECF No. 16*, pp. 15-16. In response, Plaintiff claims that his prolonged incarceration under SOLSA renders his sentence cruel and unusual. *ECF No. 21*, pp. 1-2. Courts have consistently rejected such challenges. *People v. Wiseman*, 413 P.3d 233, 244-45 (Colo. App. 2017). Continued confinement under an indeterminate sentence reflects the punishment imposed for the underlying

offense rather than a new penalty arising from treatment decisions. *People v. Dash*, 104 P.3d 286, 293 (Colo. App. 2004). Claim 1(c) therefore fails as a matter of law.

### IV. Plaintiff Fails to State a Due Process Claim Under the Fourteenth Amendment (Claim 2).

The Motion explained that termination from state-mandated sex offender treatment implicates, at most, a limited procedural interest evaluated under the framework set forth in *Wolff v. McDonnell*, 418 U.S. 539 (1974), and that the Complaint itself establishes Plaintiff received the required process. *See ECF No. 16,* pp. 18-19. The Response does not dispute those allegations. The Motion also explained that Plaintiff has no protected liberty interests in continued treatment participation and parole eligibility under the circumstances alleged here. *Id.* at pp. 19-20. The Response does not engage that procedural framework.

Instead, Plaintiff invokes substantive due process and asserts that his continued incarceration following termination from SOTMP is arbitrary and "shocks the conscience." *ECF No. 21*, pp. 5-6. He contends that treatment termination decisions lack a rational relationship to penological objectives and resulted in excessive incarceration. *Id.* Those assertions do not state a substantive due process violation. Substantive due process protects only against governmental conduct that is so arbitrary and egregious that it "shocks the conscience." *County of Sacramento v. Lewis*, 523 U.S. 833, 847 n.8 (1998). Allegations that treatment decisions were mistaken, unfair, or insufficiently justified do not approach that demanding standard. *Tonkovich v. Kan. Bd.*

*of Regents*, 159 F.3d 504, 528 (10th Cir. 1998). Claim 2 therefore fails to state a plausible Fourteenth Amendment violation.

### V.     Defendants are Entitled to Qualified Immunity.

The Motion explained that Defendants are entitled to qualified immunity because the Complaint does not allege a constitutional violation and because no clearly established law recognizes the asserted rights. *ECF No. 16*, pp. 21-23. The Response does not identify any controlling precedent establishing a constitutional right to continued SOTMP participation, to parole eligibility under SOLSA, or to equal treatment between incarcerated offenders and parolees. *ECF No. 21*. Absent such authority, Plaintiff cannot meet his burden to overcome qualified immunity. *See Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011).

### CONCLUSION

Plaintiff's reinstatement to SOTMP eliminates any live controversy for prospective relief. His constitutional challenges to SOTMP termination procedures and asserted liberty interests are barred by claim and issue preclusion. The remaining theories fail to state a constitutional violation. The Motion to Dismiss should be granted and the Complaint dismissed with prejudice.

Respectfully submitted, on this 10th day of March, 2026.

        PHILIP J. WEISER
        Attorney General


        *s/ Christopher B. Synsvoll*
        CHRISTOPHER B. SYNSVOLL*
        Senior Assistant Attorney General
        AMY E. ADAMS*
        Assistant Attorney General
        Civil Litigation & Employment Law Section

        Ralph L. Carr Colorado Judicial Center
        1300 Broadway, 10th Floor
        Denver, Colorado  80203
        Telephone:  (720) 508-6583
        E-Mail:  christopher.synsvoll@coag.gov;
          amy.adams@coag.gov
        *Attorneys for Defendants*
        *Counsel of Record

## CERTIFICATE OF SERVICE

      I certify that I served the foregoing **The CDOC Officials' REPLY IN Support of their RULE 12(B)(1) and 12(B)(6) MOTION TO DISMISS** upon all parties herein by e-filing with the CM/ECF system maintained by the court on March 10, 2026 or by depositing copies of the same in the United States mail, first-class postage prepaid, at Denver, Colorado on March 10, 2026, addressed as follows:

Philip E. Stetzel, #92684
Arkansas Valley Correctional Facility (AVCF)
12750 Highway 96 at Lane 13
Ordway, CO 81034
PRO SE

***Courtesy copy emailed to Client Representative:***

Anthony DeCesaro
Associate Director of Legal Services

                                            *s/ Elle Di Muro*
                                            Elle Di Muro, Paralegal